Teresa M. COTTON and A. Richard Cotton, Plaintiffs–Respondents,

v.

The JEWISH HOSPITAL OF ST. LOUIS, et al., Defendants–Appellants.

No. 65539.

Missouri Court of Appeals, Eastern District, Division Four.

June 13, 1995.

D. Paul Myre, Anderson & Gilbert, St. Louis, for appellants.

Philip C. Denton, The Hullverson Law Firm, St. Louis, for respondents.

KAROHL, Judge.

Kurt Leimbach, M.D., and Boonslick Medical Group, Inc. appeal a judgment granting a new trial on the issue of damages only in a medical malpractice case. We affirm the trial court's grant of a new trial on the issue of damages, but reverse the court's denial of a new trial on the issue of liability. We remand for a new trial on all issues.

Teresa M. Cotton and A. Richard Cotton filed a petition against Dr. Leimbach and Boonslick Medical Group, Inc. and others that alleged negligent medical care caused the death of their daughter, Yvonne Cotton. The jury returned a verdict in the amount of $30,000. It assessed 55% fault to the decedent, Yvonne Cotton, 30% fault to Dr. Leimbach and 15% fault to another doctor. Plaintiffs filed a "motion for new trial, or in the alternative, motion for new trial on damages only, or in the alternative, motion for additur." Defendants filed a "motion to reform verdict and judgment to conform with the evidence and for remittitur." The trial court granted plaintiffs' motion for a new trial on damages only. It denied all other requests. In its order, the court found it was "convinced beyond peradventure that the jury ignored the undisputed evidence and passed into the realm of caprice, bias and prejudice." It opined the finding of medical malpractice in failing to timely diagnose cancer and performing a controversial surgical procedure improperly must warrant some damages for past and future non-economic loss. This was more than merely concluding the verdict was against the weight of the evidence.

Dr. Leimbach and Boonslick Medical Group, Inc. present four points on appeal. Their final point is dispositive. We reject the other points. We hold the trial court erred in ordering a new trial on damages only and not on both liability and damages since it found the verdict was the result of bias and prejudice where that finding is supported by the evidence.

Our Supreme Court has held that a verdict resulting from the bias or prejudice of the jury cannot stand. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 788 (Mo. banc 1977). Such verdicts raise the question of whether the jury slighted its duty to determine damages and liability in a case and may only be remedied by vitiating the entire verdict "not only as to the amount of the award, but also as to the determination of liability." *Id.* The trial court found the verdict was the result of bias and prejudice. Thus, it erred in denying a new trial on the issue of liability. We affirm the grant of a new trial on damages, reverse the denial of a new trial on liability, and remand for a new trial on all issues.

AHRENS, P.J., and SIMON, J., concur.